**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL TORRES GUEVARA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FEDERAL DETENTION CENTER PHILADELPHIA, MICHAEL ROSE, Acting Director of Philadelphia Field Office, U.S. Immigration and Customs Enforcement, SECRETARY MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, TODD BLANCHE, Attorney General of the United States, in their official capacities** | : | **NO. 26-7077** |

**MEMORANDUM OPINION**

**Savage, J.** **September 22, 2026**

The government arrested Daniel Torres Guevara because he lacks legal immigration status. Immigration and Customs Enforcement ("ICE") agents conducted a targeted operation near his home and took him into custody. He has been detained at federal detention facilities ever since.

Before locking him up, the government was required to assess whether Torres Guevara was a flight risk or danger to his community such that his detention is justified. It failed to do so. That failure is a violation of the Immigration and Nationality Act ("INA") and the Due Process Clause. Therefore, we will grant Torres Guevara's petition for habeas corpus and order his immediate release.

**Background**

Petitioner Daniel Torres Guevara, a citizen of Mexico, entered the United States at the U.S.-Mexico border in 2003. On September 4, 2026, during a targeted operation

near his home in New Jersey,[1] ICE agents took him into custody. Upon his arrival at ICE's Philadelphia Field Office, Department of Homeland Security (DHS) presented him with a Form I-213 Record of Deportable/Inadmissible Alien,[2] Form I-862 Notice to Appear,[3] Form I-286 Notice of Custody Determination,[4] and Form I-200 Warrant for Arrest of Alien.[5]

The Form I-213 includes background information on Torres Guevara and an account of his arrest.[6] It reports he has a wife and two children who live in the United States and that he is not a member of any criminal or terrorist organizations.[7] It also documents a 2006 arrest for drug possession-related offenses and disorderly conduct, and a 2012 issuance of a bench warrant.[8]

The Form I-862 identifies Torres Guevara as "an alien present in the United States who has not been admitted or paroled."[9] The Form I-200 cites as probable cause for his

---

[1] The government identifies Torres Guevara's home as Penns Wood, New Jersey. *See* Resp. at 3. His Form I-213 states that he lives in New Jersey. *See* Form I-213 Record of Deportable/Inadmissible Alien (attached as Ex. A to Resp. in Opp'n to Pet. for Writ of Habeas Corpus ["Gov't's Opp'n"], ECF No. 4) at 1. His Form I-862 Notice to Appear lists his address as Philipsburg, Pennsylvania. *See* Form I-862 Notice to Appear (attached as Ex. B to Gov't's Opp'n).

[2] *See* Form I-213 Record of Deportable/Inadmissible Alien.

[3] *See* Form I-862 Notice to Appear.

[4] *See* Form I-286 Notice of Custody Determination (attached as Ex. C to Gov't's Opp'n).

[5] *See* Form I-200 Warrant for Arrest of Alien (attached as Ex. D to Gov't's Opp'n).

[6] *See* Form I-213 Record of Deportable/Inadmissible Alien.

[7] *See* Form I-213 Record of Deportable/Inadmissible Alien at 3.

[8] *See* Form I-213 Record of Deportable/Inadmissible Alien at 3. The form indicates there was no reported disposition for the drug-related offenses, and a disposition of guilty for the disorderly conduct charge, with no sentence imposed. *See id.*

[9] *See* Form I-862 Notice to Appear.

arrest his pending removal proceedings and evidence that he "either lacks immigration status or notwithstanding such status is removable under U.S. immigration law."[10]

The Form I-286 indicates that Torres Guevara's September 4 arrest was part of ICE's at-large execution of operations "targeting immigration violators in the Philadelphia Area," and that the "operational focus is in direct support of Presidential executive orders."[11] It also reports that he is "[d]etained by the Department of Homeland Security," and that he has requested review of his custody determination by an immigration judge.[12]

The government avers that Torres Guevara's Form I-286 "has been filed with the Immigration Court, which will trigger the scheduling of a bond hearing."[13]

## Analysis[14]

The parties agree that Torres Guevara's detention is governed by 8 U.S.C. § 1226(a).[15] Under § 1226(a), pending a removal decision, the Attorney General "may continue to detain" a noncitizen or "may release" a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a).

If the government opts to keep a noncitizen detained, it must conduct an initial custody determination. *See* 8 C.F.R. § 1236.1(c); 8 C.F.R. § 1236.1(d)(1) ("After an initial custody determination by the district director . . . the respondent may . . . request amelioration of the conditions" by application to an immigration judge.); 8 C.F.R. §

[10] *See* Form I-200 Warrant for Arrest of Alien.

[11] *See* Form I-286.

[12] *See* Form I-286.

[13] Gov't's Opp'n 3.

[14] We have jurisdiction over § 2241 petitions raising constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 522–23 (2003); *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026). The government does not contest our jurisdiction.

[15] *See* Pet. for Writ of Habeas Corpus ["Habeas Pet."] ¶ 38, ECF No. 1; Gov't's Opp'n 2.

1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the [Board of Immigration Appeals]."); 8 C.F.R. § 1003.19(a) ("Custody and bond determinations made by the service . . . may be reviewed by an Immigration Judge."). That determination requires "individualized determination" as to whether the noncitizen is a "danger to property or persons" and is "likely to appear for any future proceeding." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493 (S.D.N.Y. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)); 8 C.F.R. § 1236.1(c)(8)).

Torres Guevara argues his detention violates § 1226(a) and its implementing regulations because the government has chosen to detain him without first making the required determination of whether he is a danger or a flight risk.[16] He also contends that it violates his right to due process under the Fifth Amendment of the United States Constitution.[17]

Individualized Assessment Under 8 U.S.C. § 1226(a)

The requirement that the custody determination be "individualized" precludes assessments based solely on immigration status. "Reliance on status alone amounts to 'a *per se* determination' that 'comports not with 1226(a), but with [the government's] desired policy of detention.'" *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) (citing *Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026); *Cajamarca-Janza v. Soto*, No. 26-cv-3066, 2026 WL 1506777, at *4 (E.D.N.Y. May 29, 2026) (finding that the government's reliance on the legal status "effectively creates a no-win situation for noncitizens writ large" because

[16] *See* Habeas Pet. ¶¶ 36–46.

[17] *See* Habeas Pet. ¶¶ 30–35.

"[n]ot only is this not sufficiently individualized for purposes of Section 1226(a), but if taken to its logical conclusion," it allows ICE to "grant itself license to ignore the facts that do not fit its desired outcome")). In that vein, a custody determination "driven by a general executive directive, without a reasoned assessment of [the petitioner's] particular risk of flight or danger," does not comply with § 1226(a) because the assessment is not individualized and the detention is not discretionary. *Id.*

There was no individualized assessment here. The record does not identify what information, if any, the government relied on in determining whether to keep Torres Guevara detained after his initial arrest. His Notice of Custody Determination merely states he is "[d]etained by the Department of Homeland Security." That does not document any assessment, let alone an individualized one. *See id.* (finding individualized assessment where "[t]he Form I-286 simply reflect[ed] that Petitioner is "Detained" with no explanation or reasoning as to why the authorizing officer made that determination"). Both the Form I-213 Record of Deportable/Inadmissible Alien and Form I-200 Warrant for Arrest of Alien provide that Torres Guevara's arrest was based solely on his immigration status. There is no evidence the government considered anything else in determining whether he should remain in custody.

It does not appear the government considered his criminal record. And, even if it had, that record consists of a single arrest for drug possession (not distribution) and disorderly conduct over twenty years ago and a 2012 bench warrant. Even with that

history, the record is "bereft of a reasoned finding that [Torres Guevara] is dangerous or a flight risk, or unsuitable for conditions short of detention." *See id.*

Instead, the record suggests that his continued detention is based solely on his immigration status and ICE's policy of targeting "immigration violators." Thus, because his detention is neither discretionary nor based on an individualized assessment, it does not comply with § 1226(a).

Exhaustion of Administrative Remedies

The government contends that Torres Guevara must exhaust his administrative remedies before seeking habeas relief.[18] It argues that he must first "challenge DHS's detention decision . . . through a custody redetermination hearing before an immigration judge" and later appeal the decision with the Board of Immigration Appeals.[19]

Section 2241 contains "no [explicit] exhaustion requirement." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *see* 28 U.S.C. § 2241. We may therefore excuse exhaustion where: (1) administrative remedies would be futile, (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

We excuse exhaustion here for two reasons. First, a bond hearing "does not necessarily cure the alleged constitutional violation that preceded it." *See Dos Reis*, 2026 WL 1746649, at *3 (citing *Lopez Benitez*, 795 F. Supp. 3d at 497 (explaining that "any post-deprivation review by an immigration judge" is inadequate where ICE failed to

[18] *See* Gov't's Opp'n 7–8.

[19] *See* Gov't's Opp'n 2.

conduct an individualized assessment before detention); *Gopie v. Lyons*, No. 25-05229, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) (finding "a bond hearing before an immigration judge is a 're-determination' of custody—it assumes that a valid custody determination was made in the first instance")). There has been no individualized assessment here. There is thus nothing for an immigration judge to review.

Second, the remedy is not adequately "available" to be exhausted. The government argues that Torres Guevara cannot receive his requested bond hearing while he is detained at the Federal Detention Center ("FDC") in Philadelphia because the FDC "serves only as a temporary holding facility" and "does not facilitate bond hearings in any capacity on behalf of ICE detainees."[20] It is unclear how this arrangement would impede the government from bringing him to an in-person bond hearing. *See Dzehtisarou v. Mullin*, No. 26-5060, 2026 WL 2211392, at *3 (E.D. Pa. July 31, 2026) (finding ICE's explanations for why the petitioner had to be transferred to a different facility in order to attend his bond hearing insufficient). But, according to its own explanations, the government has "created detention arrangements that inhibit [Torres Guevara's] access to a bond hearing." *Id.* "A remedy that exists only if ICE elects to make it accessible is

[20] *See* Gov't's Opp'n. 3–4 n.1. As soon as we received Torres Guevara's habeas petition, we ordered that he was not to be transferred outside this District. *See* Order dated September 15, 2026, ECF No. 2. The order was "a prophylactic measure to keep ICE from shipping [Torres Guevara] across jurisdictions without notice, as it has done [with petitioners] in other cases." *See Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *3 n.2 (E.D. Pa. June 17, 2026) (collecting cases). In its opposition, the government asked us to vacate that order so it could transfer Torres Guevara to an unspecified facility from which he "may be afforded the opportunity to appear at future immigration hearings." *See* Gov't's Opp'n 3–4 n.1. Rather than wait for a response, the government unilaterally transferred him to the Moshannon Valley ICE Processing Center in the Western District of Pennsylvania. *See* ICE Inmate Locator (attached as Ex. B to Torres Guevara's Emergency Motion to Enjoin Respondents), ECF No. 5-2. We have ordered his immediate return to Philadelphia FDC. *See* Order dated Sept. 21, 2026, ECF No. 6.

not an available remedy [a petitioner] must exhaust." *See id.* (quoting *Dos Reis*, 2026 WL 1746649, at *3).

Torres Guevara is not required to exhaust his administrative remedies.

Due Process

The Due Process Clause of the United States Constitution prohibits erroneous deprivation of liberty. *See Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976). It "applies to all 'persons' within the United States, including [noncitizens]" in removal proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether government action violates due process, we weigh: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 335.

The first *Matthews* factor strongly favors Torres Guevara. He is being physically confined by the government. *Zadvydas*, 533 U.S. at 690 (explaining that freedom from physical confinement "lies at the heart of the liberty that [the Due Process] Clause protects").

As does the second. The government did not make an individualized assessment to determine whether Torres Guevara is a flight risk or a danger to the community. There is a high risk of erroneous deprivation where the government physically detains a person

without identifying a valid reason to do so. And, we see nothing in the record that suggests the government would have found a valid reason had it looked for one.

Regarding the third factor, the government certainly has a legitimate interest in ensuring attendance at immigration proceedings and preventing danger to the community. *See Dzehtisarou*, 2026 WL 2211392, at *6. But, the government has not argued, let alone shown, that Torres Guevara is a flight risk or danger to the community. Thus, it has failed to show that his detention advances those interests. *See id.*

Balancing the "significant liberty interest at stake," the serious risk of erroneous deprivation of that interest, and the lack of government interest in his continued incarceration, the *Matthews* factors overwhelmingly weigh in favor of finding a due process violation. *See id.*

## Conclusion

Torres Guevara need not exhaust administrative remedies before seeking a writ of habeas corpus. Because we find his detention violates the INA and his right to due process, we will grant his petition and order his immediate release from custody.